# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| AARON MICHAEL ROGERS, #2268676, *Plaintiff*, v. KERR COUNTY SHERIFF W.R. "RUSTY" HIERHOLZER, and SYLVIA FORAKER, *Defendants*. | CIVIL NO. SA-19-CV-724-DAE(ESC) |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff's Motion to Appoint Attorney [#10], which was referred to the undersigned for disposition. The record reflects that Plaintiff filed his *pro se* Complaint on June 20, 2019 and moved to proceed *in forma pauperis* ("IFP") in this action. The Court granted Plaintiff's motion and assessed an initial partial filing fee from Plaintiff's inmate trust fund account due to his detention at the Kerr County Detention Center.

Additionally, on August 5, 2019, the Court ordered Plaintiff to show cause within twenty-one days why his Complaint should not be dismissed for failure to state a non-frivolous claim. [#5]. Plaintiff subsequently advised the Court of his change of address and on September 4, 2019, the Order to Show Cause was re mailed to Plaintiff's new address. Plaintiff's response is due on or before September 25, 2019.

Plaintiff now asks the Court to appoint him counsel to represent him in this action which he describes as a class action. The Court will deny the motion. Courts may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) in IFP proceedings. However, there is no automatic

right to the appointment of counsel in a civil lawsuit. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Rather, a district court has discretion to appoint counsel based on the type and complexity of the case presented and the abilities of the individual pursuing it. *Id.*; *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). Appointment of counsel in a civil case is considered a privilege, not a constitutional right, and should be allowed only in exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86. In evaluating whether the appointment of counsel is proper under § 1915(e), the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence. *See Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001).

In this case, Plaintiff has not demonstrated that the prerequisites for a class action exist and further, as a *pro se*, Plaintiff may not proceed as a class representative. *See* Fed. R. Civ. P. 23 (c)(1)(B). Nor has Plaintiff demonstrated either that exceptional circumstances are present in his case or that, based on the record, appointment of counsel is appropriate under the applicable legal standards under 28 U.S.C. § 1915(e).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Appoint Attorney [#10] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's response to this Court's Order to Show Cause [#5] is due **on or before September 25, 2019**. If Plaintiff fails to comply with the Show Cause Order, his Complaint can also be dismissed for failure to prosecute and failure to comply with this Order. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

SIGNED this 19th day of September, 2019.

                                          ELIZABETH S. ("BETSY") CHESTNEY
                                          UNITED STATES MAGISTRATE JUDGE